**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
ELVIS ORLANDO ROCHEZ FERNANDEZ,

*Plaintiff,*

-against-

A & A STONE INC, A & A MARBLE &
GRANITE CORP., ARBER NDRECAJ and
AGIM AVDYLI

*Defendants.*

--------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**
**JURY TRIAL DEMANDED**

ELVIS ORLANDO ROCHEZ FERNANDEZ ("Plaintiff") by and through his attorney,

Naydenskiy Law Firm, LLC, upon his knowledge and belief, and as against A & A STONE INC,

A & A MARBLE & GRANITE CORP., ARBER NDRECAJ and AGIM AVDYLI (collectively,

"Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff is a former employee of A & A STONE INC and A & A MARBLE &

GRANITE CORP. at 1190 Commerce Ave., Bronx, NY 10462.

2.       Defendants own, operate, and/or control a Marble company located at 1190

Commerce Ave., Bronx, NY 10462.

3.      Plaintiff was employed as a marble installer and fabricator from approximately

2008 through on or about June 15, 2022.

4.      At all times relevant to this Complaint, Plaintiff worked for Defendants in excess

of 40 hours per week without appropriate overtime compensation for the hours he worked

each week over 40 hours.

5.      Further, Defendants failed to provide Plaintiff with the proper wage notices and statements under the New York Labor Laws.

6.      Plaintiff now brings this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9.      Plaintiff ELVIS ORLANDO ROCHEZ FERNANDEZ ("Plaintiff FERNANDEZ") was employed by Defendants at a Marble company owned and operated by Defendants from approximately 2008 through on or about June 15, 2022.

10.     A & A STONE INC a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1190 Commerce Ave., Bronx, NY, 10462.

11.     A & A MARBLE & GRANITE CORP. at is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1190 Commerce Ave., Bronx, NY, 10462.

12.     Defendants ARBER NDRECAJ and AGIM AVDYLI are individuals engaging (or who were engaged) in business in this judicial district during the relevant time period. Defendants ARBER NDRECAJ and AGIM AVDYLI are sued individually in their capacity as owners, officers and/or agents of Defendant A & A STONE INC and A & A MARBLE & GRANITE CORP. ('Defendant Corporation').

13.     Defendants ARBER NDRECAJ and AGIM AVDYLI possessed substantial control over Plaintiff's working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiffs.

14.     Defendants ARBER NDRECAJ and AGIM AVDYLI had the power to hire and fire Plaintiff and other employees of the Defendants.

15.     Defendant ARBER NDRECAJ and AGIM AVDYLI set Plaintiff's schedules.

16.     Defendants employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq.* and the NYLL.

17.     In the alternative, Defendants constitutes a single employer of Plaintiff.

18.     At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

19.     Upon information and belief, in each year from 2019 to 2022, Defendant, had a gross annual volume of revenue of not less than $500,000.

PLAINTIFF ELVIS ORLANDO ROCHEZ FERNANDEZ

20.      Throughout his employment with defendants, Plaintiff FERNANDEZ was employed as a marble installer and fabricator in the Marble company located at 1190 Commerce Ave., Bronx, NY, 10462.

21.      Plaintiff FERNANDEZ' work was supervised and his duties required neither discretion nor independent judgment.

22.      Plaintiff FERNANDEZ regularly worked in excess of 40 hours per week.

23.      Throughout his employment, three weeks per month every month, Plaintiff FERNANDEZ worked five (5) days a week. Plaintiff FERNANDEZ worked three (3) days a week from 8:00 AM until 8:00 PM, and two (2) days a week from 8:00 AM until 5:00 PM (54 hours per week).

24.      Throughout his employment, one week per month every month, Plaintiff FERNANDEZ worked six (6) days a week. Plaintiff FERNANDEZ worked three (3) days a week from 8:00 AM until 8:00 PM, two (2) days a week from 8:00 AM until 5:00 PM, and one (1) day a week from 8:00 AM until 2:00 PM (60 hours per week).

25.      During 2015, Defendants paid Plaintiff $17.50 per hour straight time for all hours worked.

26.      From 2016 through June 2022, Defendants paid Plaintiff $20 per hour straight time for all hours worked.

27.      Throughout his employment, Plaintiff was paid in cash.

28.      No proper notification was given to Plaintiff FERNANDEZ regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

29.      Defendants never provided Plaintiff FERNANDEZ with each payment of wages a proper statement of wages, as required by NYLL 195(3).

30.     Defendants failed to provided Plaintiff FERNANDEZ all of the proper and complete notices in English and in Spanish (Plaintiff FERNANDEZ's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

31.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

32.     Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

33.     Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

34.     Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

35.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

36.     Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

37.     Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

38.     Plaintiff was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NOTICE
### REQUIREMENT OF THE NEW YORK LABOR LAW

39.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

40.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

41.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

42.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

43.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or

rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

44.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c)     Declaring that Defendant's violation of the provisions of the FLSA were willful as to Plaintiff;

(d)     Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiffs;

(g)      Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(a)      Declaring that Defendant's violations of the New York Labor Law were willful as to Plaintiff;

(b)      Enjoining Defendants from future violations of the NYLL;

(c)      Awarding Plaintiff damages for the amount of unpaid overtime wages, as well as damages for any improper deductions or credits taken against wages;

(d)      Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(e)      Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(f)      Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(g)      Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(h)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(i)      All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff's demand a trial by jury on all issues triable by a jury.

Dated: February 2, 2023

By:     */s/ Gennadiy Naydenskiy*
        Gennadiy Naydenskiy (GN5601)
        Naydenskiy Law Firm, LLC
        426 Main St, #201
        Spotswood, NJ, 08884
        718-808-2224
        *Attorney for Plaintiff*

# EXHIBIT A

Soy empleado actual o anterior de A & A MARBLE & GRANITE CORP. and A&A STONE INC and JIMMY AVDYLI, and AGIM AVDYLI y/o entidades/individuos relacionados. Por la presente, Yo acepto y acuerdo ser parte Demandante en la presente Acción para obtener resarcimiento por las violaciones de la Ley de Normas Razonables de Trabajo, de conformidad con el Código de los Estados Unidos ("U.S.C.", por sus siglas en inglés), Título 29, 216(b).

Por la presente designo a Naydenskiy Law Firm, LLC para que me representen en esta Acción y, además, acepto y acuerdo entablar esta demanda en nombre de todos aquellos en una situación similar, si fuera necesario.

01/04/2023

Fecha _____.

_____

Firma

Elvis Rochez

_____

Nombre completo (nombre en letra imprenta)